# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARLA MARIE MOCERI,

        Petitioner, ,        Case Number: 06-CV-15009

v.        HON. VICTORIA A. ROBERTS

CLARICE STOVALL,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S APPLICATION TO PROCEED WITH AN APPEAL WITHOUT PREPAYMENT OF FEES AND COSTS

Petitioner Carla Marie Moceri filed a *pro se* petition for a writ of habeas corpus challenging her convictions for first-degree criminal sexual conduct and first-degree child abuse. On November 4, 2008, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Motion for Certificate of Appealability and an Application to Proceed With an Appeal Without Prepayment of Fees and Costs.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 890, 898 n.4 (1983)).

In her habeas petition, Petitioner raised the following claims:

I. Petitioner's right to a speedy trial was violated.

II. Petitioner's trial was rendered unfair by the misconduct of the prosecutor in allowing false testimony to be entered at trial.

III. Petitioner's trial was rendered unfair by the omission of a necessary jury instruction regarding the destruction of evidence.

IV. Petitioner was denied the effective assistance of counsel in the trial court.

V. Petitioner was denied her right to a fair trial when a prosecution witness refused to submit to cross-examination and stormed off the stand.

VI. Petitioner's rights under the Confrontation Clause were violated by the trial court's limitations on the cross-examination of a witness.

VII. The trial court erroneously allowed the prosecutor to cross-examine Petitioner's character witness regarding previous instances of abuse causing her not to call the witnesses.

VIII. Petitioner's trial was rendered unfair by the prosecutor being allowed to cross-exam witnesses on matters not covered in direct examination.

IX. The trial court allowed photographic evidence to be admitted at trial in violation of evidentiary law.

X. There was constitutionally insufficient evidence admitted at trial to support Petitioner's conviction.

XI. The trial court failed to re-instruct the jury.

XII. There was no evidence that Petitioner knowingly injured the child.

XIII. The convictions of criminal sexual conduct and child abuse violate double jeopardy.

    XIV.    The court erred in not disclosing the contents of the victim impact statement before sentencing.

    XV.    Cumulative errors denied Petitioner a fair trial.

    XVI.    Petitioner was denied the right to effective assistance of counsel during her direct appeal.

In her first claim, Petitioner alleged that her constitutional right to a speedy trial was violated. In deciding this claim, the trial court, although not citing Supreme Court precedent, clearly applied the standard set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), holding that courts should consider the following four factors in determining whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his or her right to speedy trial; and (4) prejudice to the defendant. *Id*. at 528. The Court held that the state court's application of *Barker* was neither contrary to nor an unreasonable application of Supreme Court precedent. 28 U.S.C.§ 2254(d)(1). The delay, while long, was not the result of the prosecutor's bad faith or an attempt to gain a tactical advantage. Petitioner failed to assert her right to a speedy trial. Petitioner was not incarcerated during the delay and, although the delay was long, the portion attributable to the prosecution was not sufficiently long to warrant the presumption of prejudice. Petitioner failed to show she was prejudiced by the delay.

Next, Petitioner argued that habeas relief was warranted because the prosecutor engaged in misconduct by improperly characterizing the testimony of pediatric surgeon Alan Flake. Petitioner further argued that the prosecutor was argumentative with witnesses and the Court, belittled witnesses, defense counsel, and the defendant, interposed improper objections, argued facts not in evidence, and mischaracterized expert testimony. The Court held that the trial court

record did not support Petitioner's claim that the prosecutor improperly characterized a witness's testimony. In addition, the transcript showed that the prosecutor's conduct was appropriate and did not compromise the fairness of Petitioner's trial.

Petitioner argued that she was denied her right to a fair trial when the trial court denied defense counsel's request for an instruction regarding the destruction of evidence. An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) *(quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The Michigan Court of Appeals held that the trial court did not err in failing to give the instruction. This Court denied habeas relief because Petitioner failed to show that the failure to give an adverse inference instruction so infected the entire trial as to violate due process.

Petitioner asserted numerous claims of ineffective assistance of counsel. Specifically, Petitioner alleged that her trial attorney was ineffective in: (i) failing to challenge the destruction of the toy chipmunk; (ii) failing to assert her right to speedy trial; (iii) failing to object to the prosecutor's description of the toy to Dr. Flake; (iv) failing to cross-examine Van Gessell on her civil suit; (v) failing to present character witnesses; and (vi) failing to object to the trial court's handling of the jury's question. Applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for determining whether a habeas petitioner has received ineffective assistance of counsel, the Court held that Petitioner failed to show that counsel's performance was deficient or that she was prejudiced by her attorney's performance.

Petitioner next argued that she was denied her right to a fair trial when the victim's mother "stormed from the stand" and refused to answer questions regarding a civil suit. The trial

court denied defense counsel's subsequent motion for a mistrial. The Court reviewed the trial court transcripts and held that Petitioner's characterization of the victim's mother's conduct was inaccurate and exaggerated. The Court held that the court of appeals' decision that the victim's mother's conduct and the trial court's handling of her conduct did not deprive Petitioner of her right to a fair trial was not contrary to or an unreasonable application of Supreme Court precedent. Accordingly, the Court denied habeas relief on this claim.

In her sixth through ninth claims for habeas relief, Petitioner challenged several of the trial court's evidentiary rulings. First, this Court held that, the trial court's decision to allow limited questioning regarding the civil lawsuit was a reasonable restriction that did not deprive Petitioner of her right to subject the prosecutor's case to meaningful adversarial testing. *See Davis v. Alaska*, 415 U.S. 300, 317 (1973); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

With respect to Petitioner's remaining evidentiary claims, "[h]abeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994), *citing Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985). Only "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.2003). The Court denied relief because Petitioner failed to show that any of the trial court's evidentiary rulings deprived her of her fundamental right to a fair trial.

Petitioner argued that insufficient evidence was presented to sustain her convictions on two bases: (i) that insufficient evidence was presented to prove beyond a reasonable doubt that Petitioner committed a sexual act; and (ii) that insufficient evidence was presented to sustain her

5

first-degree child abuse conviction because the prosecutor did not show that she knowingly and intentionally injured the victim.  In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original).  The state court of appeals held that sufficient evidence was presented to sustain Petitioner's convictions. According the state court's findings of fact a presumption of correctness, this Court concluded that the Michigan Court of Appeals' decision that sufficient evidence was presented for a finding of guilty did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Next, Petitioner challenged the trial court's response to a jury question.  During the course of deliberations, the jury submitted a note asking, "Is 'sexual act' defined by any act committed to a sex organ or area, or, any act committed with some sort of sexual intent or motivation?" Tr., Vol. VI, at 110.  The trial court instructed the jury, "You are just going to have to read and rely on the jury instructions as you interpret them." *Id.* at 113.

The Due Process Clause does not require the use of any specific formulation for jury instructions. *See Victor v. Nebraska*, 511 U.S. 1, 5 (1994).  All that is required is that the jury be instructed to find the defendant's guilt beyond a reasonable doubt. *Id.*  "If the original jury charge clearly and correctly states the applicable law, the judge may properly answer the jury's question by instructing the jury to reread the instructions." *United States v. Mealy*, 851 F.2d 890, 902 (7th Cir.1988) (citations omitted).  In the present case, Petitioner failed to show that the

original jury instructions did not clearly and correctly state the applicable law. Therefore, she failed to show that her right to due process was violated by the trial court's decision not to reinstruct the jury.

Petitioner argued that her convictions for first-degree criminal sexual conduct and first-degree child abuse violate the Double Jeopardy Clause because they punish the same acts. The Michigan Court of Appeals concluded that convictions for first-degree criminal sexual conduct and first-degree child abuse arising out of the same incident do not violate the Double Jeopardy Clause because the legislature intended to impose multiple punishments. See *Moceri*, slip op. at 1-3. Accepting the state court's interpretation of legislative intent, the Court concluded that the state court's decision that the punishments did not violate double jeopardy was not contrary to or an unreasonable application of Supreme Court precedent.

In her fourteenth claim, Petitioner argued that the trial court erred in failing to disclose the contents of the victim impact statement prior to sentencing. Petitioner does not have a due process right to disclosure of a victim impact statement prior to sentencing. *See Stewart v. Erwin*, 503 F.3d 488, 502-03 (6th Cir. 2007) (holding that a due process violation may occur if a court relies on a victim impact statement to depart upward from the sentencing guidelines, yet fails to ever disclose the statement to a defendant). In this case, Petitioner alleged only that the disclosure was tardy and failed to allege any way in which she was prejudiced or that the victim impact statement contained false information upon which the judge relied in deciding her sentence. Therefore, the Court denied habeas relief.

Petitioner argued that she was deprived of a fair trial because of cumulative error. The Sixth Circuit has expressed doubt that about the validity of the argument that cumulative errors

may warrant habeas relief in the post-AEDPA era. *See Lorraine v. Coyle,* 291 F.3d 416, 447 (6th Cir. 2002) ("The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief"); *Moore v. Parker,* 425 F.3d 250 (6th Cir. 2005) (same). Moreover, even if such a claim could merit habeas relief, the Court held no errors were committed when considered separately or together that abridged Petitioner's constitutional rights.

Finally, Petitioner alleged that her appellate counsel failed to present obvious and meritorious issues on direct appeal. Petitioner failed to show that the claims counsel failed to raise on direct appeal had any merit. Therefore, she did not establish that counsel's failure to raise them on direct appeal prejudiced her.

The Court finds that jurists of reason would not find the Court's assessment of the foregoing claims to be debatable or wrong. *See Slack*, 529 U.S. 484. Therefore, Petitioner has failed to show that she is entitled to a certificate of appealability.

Also before the Court is Petitioner's Application to Proceed With an Appeal Without Prepayment of Fees and Costs. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir.

2000). While the Court held that jurists of reason would not find the Court's assessment of the claims presented in Petitioner's habeas corpus petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Application to Proceed With an Appeal Without Prepayment of Fees and Costs.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED** and her Application to Proceed With an Appeal Without Prepayment of Fees and Costs is **GRANTED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 29, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record and Carla Marie Moceri by electronic means or U.S. Mail on January 29, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk